RANSIER v. DWYER.

1. CONTRACTS — RESCISSION — FRAUDULENT REPRESENTATIONS —
FAILURE TO DECEIVE.
    Where, on a bill to rescind a contract for the sale of land on the
    ground of fraudulent representations, it appears that before
    complainant entered into the contract of purchase he had
    investigated and learned the falsity of every fraudulent rep-
    resentation alleged in his bill, only an extraordinary case will
    prevent denial of relief.

2. VENDOR AND PURCHASER — RESCISSION — AFFIRMANCE OF DE-
CREE—RELIEF ON GROUND NOT ALLEGED.
    Where, on a bill to rescind a contract for the sale of land on the
    ground of fraudulent representations, it appears that at the
    time defendant entered into the contract to sell to plaintiff
    he had already made a binding contract to sell to another, of
    which fact complainant was not apprised until after the fil-
    ing of his bill for rescission, a decree granting rescission will
    be affirmed though the making of the contract was not in-
    duced by the fraudulent representations.

Appeal from Wayne; Donovan, J. Submitted June
14, 1907. (Docket No. 60.) Decided September 20, 1907.

Bill by Bertrand W. Ransier, John Funke, and Wil-
liam Smith against Mary L. Dwyer, executrix of the last
will and testament of John M. Dwyer, deceased, to re-
scind a land contract on the ground of fraud. From a
decree for complainants, defendant appeals. Affirmed.

*George B. Greening*, for complainants.

*John H. McDonald* (*Edward S. Grece*, of counsel),
for defendant.

CARPENTER, J. The circuit court found that a con-
tract whereby complainants purchased from defendant's
testator the hotel called "Hotel Barry," in the city of
Hastings, was procured by fraud, and entered a decree for
its rescission. Defendant asks us to vacate that decree.

It appears by the testimony that before complainants entered into the contract of purchase they had by investigation learned the falsity of every fraudulent representation alleged in their bill of complaint. Under' these circumstances it must be held that they were not defrauded by these representations, and if the case were not an extraordinary one, it would be our duty to reverse the decree and dismiss their suit; but the case is an extraordinary one.

It appears, from the testimony that when the contract in question was made, defendant's testator had already contracted to sell said property to another, one Lura Gregory Powell, and that she, Mrs. Powell, had commenced suit in the circuit court for the county of Barry, where the property was situated, to enforce said contract. This suit resulted in a decree in favor of Mrs. Powell, which decree has just been affirmed by this court. See ·Powell v. Dwyer, ante, 141. Complainants had no knowledge of said contract of purchase until after they commenced this suit (and there is, therefore, no reference to the same in their bill of complaint), but their rights were subject thereto, because a proper and legal notice of lis pendens was upon file when they entered into their contract of purchase.

Under these circumstances it would be an idle ceremony to observe the rule — generally a most meritorious one — that relief will not be given upon any ground not alleged in complainants' bill. For if complainants were permitted—and it would be unjust to refuse to permit them—to file a new bill setting forth the established facts, they would be entitled to relief. ، No defense could possibly be made to such a bill.

The decree will, therefore, be affirmed. Defendant will recover costs in the circuit court. No costs will be awarded in this court.

MCALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.